IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIAN J. ROYAL,

    Plaintiff,

    v.                                                           No. CIV 13-0748 WJ/CEG

STATE OF NEW MEXICO, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion for Writ of Habeas Corpus 42 U.S.C. § 1983. The pleading's title is ambivalent and, in text, Plaintiff states (p. 2) that the "petition seeks relief for . . . civil rights violations to vacate, set-aside, or correct a sentence or conditions of confinement." Other than these ambivalences, Plaintiff does not "challenge[] the fact or duration of his confinement." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). He attacks the conditions of his confinement, and in the Prayer for Relief, he seeks damages and equitable relief. Because Plaintiff's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992), the Court construes Plaintiff's pleading as a civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff will be required to file an amended complaint.

1

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of Defendants and alleges that Plaintiff has been denied necessary medical treatment for serious medical conditions. He contends that these actions have violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments. As noted above, the complaint seeks damages and equitable relief.

In its current form, Plaintiff's complaint fails to state a claim against any Defendant for violation of constitutional rights. Plaintiff's only allegations of a serious medical condition (p. 6) are that an "incident caused emotional injury and mental stress, Permanent Partial loss of function of his eyesight." Similarly, his only allegations of denial of treatment are that Defendants "[did] not properly enforce[e] or follow[] policies and rules." As the Tenth Circuit Court of Appeals has noted, "to present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is

alleged to have done *what* to *whom*."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).  A "court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations."  *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

Under the minimal pleading standard noted in *Robbins v. Oklahoma*, the Court will require Plaintiff to file an amended complaint making clear the nature of his alleged medical conditions and "exactly *who* is alleged to have done *what* to [*him*]."  *Robbins v. Oklahoma*, 519 F.3d at 1249-50.  Failure to comply with this Order may result in dismissal of the complaint.

**IT IS THEREFORE ORDERED** that Plaintiff shall file an amended complaint as described above by **January 27, 2014**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE