IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIAN ROYAL,

    Plaintiff,

   v.                                                                                          No. CIV 13-0748 WJ/KK

UBALDO CERVANTES,
NOR-LEA,
RICKY TABOR,
FNU WHITEHEAD,
JAN GARTMAN,
PATTY DOWNY,
LEA COUNTY COMMISSIONERS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaint (Docs. 1, 13) (together the "complaint"). On initial review of Plaintiff's original complaint, the Court noted in a prior order (Doc. 11) that "Plaintiff's only allegations of a serious medical condition are that an 'incident caused emotional injury and mental stress, Permanent Partial loss of function of his eyesight.' Similarly, his only allegations of denial of treatment are that Defendants '[did] not properly enforce[e] or follow[] policies and rules.' " The Court described Plaintiff's claims as supported only by vague and conclusory allegations, and ordered him "to file an amended complaint making clear the nature of his alleged medical conditions and 'exactly *who* is alleged to have done *what* to [*him*].' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

    In Plaintiff's amended complaint, he alleges that Defendant Whitehead "used her own

judgment about the seriousness of plaintiff's medical needs . . . [and failed] to respond to ongoing complaints of chronic and debilitating pain . . . , result[ing] in [an unspecified] eye injury." Plaintiff also alleges that Defendant Nor-Lea, a medical provider, withheld medical care until Plaintiff agreed to pay for treatment.   For purposes of review under § 1915(e)(2), these allegations may state claims for violations of Plaintiff's constitutional protections.

Plaintiff's allegations against other Defendants fail to support claims under 42 U.S.C. § 1983.  He alleges that Defendant Cervantes, a medical supervisor, exhibited "a pattern of ignoring, and failing to timely respond to or effectively manage plaintiff's serious medical needs." Defendant Warden Gartman allegedly failed to respond to Plaintiff's complaints about the facility's medical system, and Defendant Downy, security chief, had actual knowledge of inadequate staff training.   Defendants Lea County Commissioners adopted money-saving policies and procedures that delayed psychiatric treatment.   These allegations do not "present a plausible right to relief . . . by mak[ing] clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d at 1249-50.   And Defendant Doctor Tabor "fail[ed] to have and use the knowledge, skill and care ordinarily possessed and employed by members of the profession . . . and to inform him of adverse consequences of the prescribed medication."   These allegations against Defendant Tabor assert only negligent malpractice and "do[] not give rise to a claim for deliberate indifference to serious medical needs."   *Free v. Unknown Officers of the Bureau of Prisons*, 103 F. App'x 334, 337 (10th Cir. 2004).   Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Cervantes, Gartman, Downey, Tabor, and Lea County Commissioners are DISMISSED; and Defendants Cervantes, Gartman, Downey, Tabor, and Lea County Commissioners are DISMISSED as parties

to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the original and amended complaints (Docs. 1, 13) for Defendant Whitehead and Nor-Lea Medical Provider.

_____
UNITED STATES DISTRICT JUDGE